UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TUREKISHA LITTLE,

      Plaintiff,

v.   Case No. 8:20-cv-1570-AEP

ANDREW M. SAUL,
Commissioner of Social Security,

      Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.   Procedural Background**

Plaintiff filed an application for SSI (Tr. 196-204). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 113-14; 126-27). Plaintiff then requested an administrative hearing (Tr. 154-66). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 40-63). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 18-26). Subsequently, Plaintiff requested review

from the Appeals Council, which the Appeals Council denied (Tr. 1-14). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1971 (Tr. 196), claimed disability beginning November 1, 2012 (Tr. 196). Plaintiff did not complete high school but did attend school through the ninth grade (Tr. 57). Plaintiff has no past relevant work (Tr. 25). Plaintiff alleged disability due to loss of vision in her left eye, chronic external hemorrhoids, severe anemia requiring episodic blood transfusions, depression, headaches, extreme fatigue, and deterioration of vision in her right eye (Tr. 43).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since October 10, 2017, the application date (Tr. 20). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: corneal leukoma, pseudophakia, exotropia, proptosis, central corneal opacity, and status post cataract extraction at the left eye; and nuclear sclerosis and cataracts of the right eye (Tr. 20). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 22). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform the following:

> "[l]ight work as defined in 20 CFR 416.967(b) except she can occasionally balance. At the left eye, she has no vision

>to include no near acuity, no far acuity, no accommodation, and no color vision. Her vision fields are limited to frequent. She must avoid concentrated exposure to hazards and fumes, odors, dusts, gases *etc*. She can do no work that requires driving" (Tr. 22).

In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 24-25).

Given Plaintiff's background, RFC, and the fact that Plaintiff has no past relevant work, the vocational expert ("VE") testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a counter attendant (DOT #311.477-014) and cleaner/housekeeper (DOT #323.687-014) (Tr. 25). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 26).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical,

3

physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The SSA, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable

legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

### III.

**a. Plaintiff's subjective complaints**

Plaintiff first contends that the ALJ erred by not properly evaluating Plaintiff's visual impairments. Here, the ALJ evaluated and considered Plaintiff's

visual complaints but found that Plaintiff's statements regarding the intensity and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record (Tr. 22-25). For the following reasons, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

In addition to the objective evidence of record, the Commissioner must consider all of the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. §§ 404.1529, 416.929. To establish a disability based on testimony of pain and other symptoms, the claimant must show evidence of an underlying medical condition and either (1) objective medical evidence confirming the severity of the alleged symptoms, or (2) that the objectively determined medical condition can reasonably be expected to give rise to the alleged symptoms. *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see* 20 C.F.R. §§ 404.1529, 416.929.

In considering a claimant's subjective complaints, the ALJ may consider whether any inconsistencies exist in the evidence and the extent to which any conflicts exist between a claimant's statements and the rest of the evidence. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). The ALJ may discredit a claimant's subjective testimony so long as the ALJ provides "explicit and adequate reasons for doing so." *Wilson*, 284 F.3d 1219, 1225 (11th Cir. 2002); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). A reviewing court will not disturb a clearly articulated

credibility finding regarding a claimant's subjective complaints supported by substantial evidence in the record. *Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir. 1995) (*per curiam*) (citation omitted).

Further, although an ALJ may not consider a claimant's truthfulness or honesty, an ALJ must still consider whether a claimant's allegations regarding the severity of her symptoms are consistent with the record evidence. *See Wilson*, 284 F.3d at 1225. To do this, the ALJ may consider whether the allegations are inconsistent with the claimant's prior statements and other record evidence. *See Lowery v. Soc. Sec. Admin. Comm'r*, 729 F. App'x 801, 804-05 (11th Cir. 2018) (holding that the ALJ properly noted that the claimant's allegations were inconsistent with his wife's statements and his statements to his doctors).

Here, Plaintiff alleged that she is unable to handle money due to her lack of vision and stress from being confused (Tr. 23). She further alleged that she stays home a lot due to her vision loss, is unable to go out alone, is unable to prepare food, and needs to wear sunglasses at all times to keep the light out (Tr. 23). However, the ALJ found that Plaintiff would best perform at light level work activity that does not require visual acuity on the left, nor more than concentrated exposure to hazards or pulmonary irritants, nor requires operation of a motor vehicle (Tr. 24). In making this determination, the ALJ recognized that he was persuaded by certain functional limitation allegations by Plaintiff that were reasonably supportable by the medical evidence, but also identified numerous

inconsistencies between Plaintiff's allegations and the medical evidence of record, as discussed more below.

In determining that Plaintiff's subjective allegations were inconsistent with the record evidence, the ALJ relied on the medical opinion of State agency medical consultant, Jesse Palmer, M.D. ("Dr. Palmer") (Tr. 24). After reviewing the record in July of 2018, Dr. Palmer opined that Plaintiff had no exertional limitations but did have visual limitations, including no vision in the left eye, limited visual fields, and a limitation to hazards and pulmonary irritants (Tr. 24, 122). Dr. Palmer further opined that Plaintiff did not display blind behaviors at the vision examination (Tr. 24, 122). In noting that Plaintiff had diminished vision fields, Dr. Palmer noted that there was no indication as to how restricted her vision fields were, since Plaintiff's presentation "appeared exaggerated" (Tr. 24, 120, 122). The ALJ incorporated Dr. Palmer's nonexertional limits into the RFC but still concluded that the record as a whole supported a limitation to light level exertion, favorable to Plaintiff (Tr. 24).

Additionally, in November of 2018, Plaintiff presented to Brandon Eye Associates with complaints of loss of vision in the left eye, blurry vision, and floaters (Tr. 553). However, Lawrence C. Taylor, M.D. ("Dr. Taylor") noted that Plaintiff's visual acuity on the right was 20/25 at a distance and 20/40 near (Tr. 553). On the left, Plaintiff's visual acuity was limited to light perception (Tr. 553). Despite these findings, the ALJ still found that Plaintiff would best perform at "light level work activity that does not require visual acuity on the left, nor more than concentrated

exposure to hazards or pulmonary irritants, nor work that requires driving a motor vehicle" (Tr. 24).

Additionally, Plaintiff's allegations were inconsistent with video surveillance footage and newspaper reports obtained by the Cooperative Disability Investigations Unit ("CDI Unit"). Plaintiff alleged that she had difficulty walking around, was unable to shop in stores without help, was unable to handle money, and always needed to wear sunglasses (Tr. 23). Despite this, the CDI Unit observed Plaintiff walking around a grocery store independently and without her sunglasses, and subsequently witnessed Plaintiff pay for groceries and enter her pin number (Tr. 23, 541). The CDI Unit also located a news article in which Plaintiff is photographed at a community-based food and water drive for hurricane victims where she filled bags with water bottles and snacks (Tr. 541, 546-48). In the article, Plaintiff is quoted as saying that she got a bag full of candles since her house was without power and dark (Tr. 547). Pursuant to HALLEX I-2-10-10(D), information gathered by the CDI Unit "is to be considered with … other relevant evidence under 20 C.F.R. § 416.913(b)." Thus, the ALJ did not err in considering that such observations were inconsistent with Plaintiff's allegations.

Lastly, Plaintiff takes issue with the fact that the ALJ did not specifically discuss her floaters. However, as the Commissioner correctly states, Plaintiff sought treatment for floaters only one time, which was in November of 2018 (Tr. 553). "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision … is not a broad rejection

9

which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Mitchell v. Comm'r Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Here, it was Plaintiff's burden to demonstrate that her floaters caused functional limitations. Plaintiff failed to meet that burden. *See Russell v. Astrue*, 331 F. App'x 678, 681 (11th Cir. 2009) (stating that "the severity of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality."). Plaintiff's optometrist did not specifically make any findings regarding the floaters nor note any limitations resulting from them. Moreover, when Plaintiff was asked whether her floaters blocked or obscured her vision or whether the floaters were just annoying, she responded with "annoying" (Tr. 47). Therefore, substantial evidence supports the ALJ's decision.

**b. The VE's testimony**

Plaintiff contends that the ALJ erred at step five by not accounting for Plaintiff's visual limitations in the hypothetical posed to the VE. At step five, the ALJ must consider the assessment of the RFC combined with the claimant's age, education, and work experience to determine whether the claimant can make an adjustment to other work. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work, a finding of not disabled is warranted. *Phillips*, 357 F.3d at 1239. Conversely, if the claimant cannot make an adjustment to other work, a finding of disabled is

10

warranted. *Id.* At this step, the burden temporarily shifts to the Commissioner to show other jobs exist in significant numbers in the national economy which, given the claimant's impairments, the claimant can perform. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018); *see Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995); 20 C.F.R. § 416920(a)(4)(v). "The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson*, 284 F.3d at 1227 (citation omitted). There are two avenues by which an ALJ may determine a claimant's ability to adjust to other work in the national economy; namely, by applying the Medical Vocational Guidelines ("Grids") and by using a VE. *Phillips*, 357 F.3d at 1239-40. Typically, where the claimant cannot perform a full range of work at a given level of exertion or where the claimant has non-exertional impairments that significantly limit basic work skills, the ALJ must consult a VE. *See id.* at 1243.

When the ALJ utilizes the testimony of a VE, the ALJ must pose an accurate hypothetical to the VE that accounts for all of the claimant's impairments. *Ingram*, 496 F.3d at 1270 (citation omitted). If the ALJ properly rejects purported impairments or limitations, the ALJ need not include those findings in the hypothetical posed to the VE. *Crawford*, 363 F.3d at 1161 ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported"). For a VE's testimony to constitute substantial evidence,

11

however, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Wilson*, 284 F.3d at 1227.

Here, Plaintiff takes issue with the jobs identified by the VE and contends that such jobs require a visual acuity that Plaintiff lacks (Doc. 23 at Pg. 8). However, the VE's testimony provides substantial evidence to support the ALJ's finding that Plaintiff could perform other jobs that exist in the national economy (Tr. 25-26). Here, the ALJ posed a hypothetical question to the VE that mirrored Plaintiff's RFC (Tr. 60-61). Plaintiff's RFC adequately accounted for Plaintiff's visual impairments (Tr. 22). Moreover, an ALJ is not required to include limitations in the hypothetical that are not supported by the record. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (stating that the ALJ was not required to include findings in the hypothetical that the ALJ had rejected as unsupported).

Relying on Plaintiff's RFC, which is supported by substantial evidence, the VE testified that a person with such limitations could perform the jobs of lunchroom counter attendant and household cleaner (Tr. 61). Plaintiff argues that she may not be able to perform these jobs because of her floaters, which the ALJ's purportedly failed to adequately address. However, as previously stated, when Plaintiff was asked whether her floaters blocked or obscured her vision or whether the floaters were just annoying, she responded with "annoying" (Tr. 47). Therefore, substantial evidence supports the ALJ's finding that Plaintiff is capable of performing the jobs identified by the VE.

Lastly, to the extent Plaintiff asks this Court to reweigh the evidence, such action exceeds this Court's authority. As previously stated, [i]n reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d at 1239 (citations omitted). Here, since the ALJ complied with applicable legal standards and substantial evidence supports his decision, any request to re-weigh the evidence is denied.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 27th day of July, 2021.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Counsel of Record